### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SLAVICA VUKOBRAD, ) | |
| ) | |
| ) | |
| PLAINTIFF, ) | Civil Action No.     19-cv-541 |
| ) | |
| v. ) | |
| ) | |
| ) | |
| TRANSWORLD SYSTEMS, INC. ) | TRIAL BY JURY DEMANDED |
| ) | |
| ) | |
| DEFENDANT(S). ) | |

### COMPLAINT

Plaintiff, Slavica Vukobrad, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 as Plaintiffs' claims arise, in part, under FDCPA, 15 U.S.C. § 1692.

2.      Venue is proper in this District because Plaintiff resides in this District, parts of the acts and transactions occurred here, and Defendant is based in Illinois and transacts substantial business here.

### STANDING

3.      Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4.      Plaintiff suffered a personal, concrete, and particularized injury, as outlined in more detail below, for Defendant's false, unfair and unconscionable attempt to collect a debt through its attempts to collect an amount that was not due, for falsely representing the character, amount, and or legal status of the debt, for threatening to take action that could not legally be taken, and for using false representations or deceptive means to collect or attempt to collect a purportedly delinquent medical account causing the proliferation of emotional distress, aggravation, annoyance, inconvenience and loss of time.

5.      Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.      Plaintiff, Slavica Vukobrad (hereinafter "Plaintiff"), is a resident of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect an allegedly delinquent consumer debt purportedly owed to Rosalind Franklin University. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7.      Defendant, Transworld Systems Inc., ("TSI") is a corporation charted under California law that does business in Illinois with offices in various locations across the United States, including at 500 Virginia Drive, Suite 514, Ft. Washington, Pennsylvania, 19034, and

whose registered agent is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

8.     TSI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others, including debts in the Northern District of Illinois. In fact, TSI was acting as a debt collector as to the alleged delinquent consumer debt it attempted to collect from Plaintiff.

9.     Defendant TSI is licensed by the Illinois Department of Financial and Professional Regulation as a licensed collection agency in Illinois.

10.     TSI acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

11.     TSI also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

12.     In the spring of 2015, Plaintiff purportedly incurred a debt for personal and household purposes, namely, medical services, with Rosalind Franklin University ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

13.     Due to an insurance related billing discrepancy, Plaintiff did not pay the alleged debt, and it went into default.

14.     That at some point after the account purportedly went into default, TSI was retained or hired by the creditor to attempt to collect the alleged debt from the Plaintiff.

15.     Upon information and belief, the original creditor accepted the Plaintiff as a Medicaid recipient and failed to timely submit a claim for payment.

16.     Following a Medicaid investigation, on or about August 27, 2017, the Illinois Department of Healthcare and Family Services issued a Notice of Decision determining that:

> **The claim for payment was not timely and/or properly submitted by the provider. If the provider accepted you as a Medicaid recipient, the provider may not bill, demand or otherwise seek reimbursement from you for services for which reimbursement is available or for which reimbursement would have been available if the provider had timely and properly billed the Department.**

17.     Noncompliance with the decision constitutes a violation of 89 Ill. Adm. Code 140.12(i), which provides in pertinent part that:

> **The provider shall agree to:**
>
> **(i)     Accept as payment in full the amounts established by the Department.**
>
> > **(1) If a provider accepts an individual eligible for medical assistance from the Department as Medicaid recipient, such provider shall not bill, demand or otherwise week reimbursement from that individual or from a financially responsible relative or representative of the individual for any service for which reimbursement would have been available from the Department if the provider had timely and properly billed the Department . . .**
>
> **89 Ill. Adm. Code 140.12(i)**

18.     The Plaintiff notified the individual representative of the Department of Healthcare and Family Services that the account had been referred to TSI for collections.

19.     Upon information and belief, the Department of Healthcare and Family Services representative handling Plaintiff's account, an individual by the name of "Kay", notified TSI of the Department's Notice of Decision.

20.     That although there was an administrative moratorium on the collection of the purported delinquent account, TSI sent the Plaintiff at least two dunning letters in an attempt to collect on the debt.

21.     Specifically, on or about June 5, 2018, Defendant TSI sent Plaintiff a collection letter, requesting payment of $4,385.81 for the alleged debt to Rosalind Franklin University that was subject to the Illinois Department of Healthcare and Family Services Notice of Decision. (Exhibit A, Collection Letter).

22.     TSI knew or should have known that there was a prohibition on the collection of the alleged debt at the time it submitted the June 5, 2018 collection letter to the Plaintiff, since its client received actual notice of the Notice of Decision, and upon information and belief, TSI received notice directly from the Department as well.

23.     The June 5, 2018 collection letter from TSI contained a file number, the name of the alleged creditor, the balance purportedly due, a request for payment, and the statement that the letter was an attempt to collect a debt.

24.     Thus, the letter was a communication as that term is defined at §1692a(6)

25.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of—**

    **(A) the character, amount, or legal status of any debt; or**

    **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

26.     On or before June 5, 2018, Defendant knew or should have known that the debt was not owed pursuant to the Illinois Department of Health and Family Services ("IDHFS") Notice of Decision because the original creditor received direct notice from the IDHFS, who, on information and belief, gave that information to Defendant, or in the alternative, Defendant received the Notice of Decision directly from the IDHFS.

27.     Thus, by sending the Plaintiff a collection letter requesting payment for a debt after it knew or could have readily ascertained was not owed, Defendant falsely represented: that it had a legal right to attempt to collect the debt even though it had no legal right to do so, and also falsely represented the character, amount, and legal status of the debt, in violation of §§ 1692e, 1692e (2)(A), and §1692e (10).

28.     15 U.S.C. §1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law . . .**

29.     Plaintiff did not owe the alleged debt of $4,385.81 because as a Medicaid recipient, without timely filing a claim with the IDHFS, the creditor was prohibited from personally charging the Plaintiff with the purported account delinquency.

30.     Defendant knew or should have known that the account was uncollectable because its client was notified of the legal status of the debt from the IDHFS and upon information and belief, TSI was notified directly as well.

31.     TSI violated §§ 1692f and 1692f(1) by attempting to collect the alleged debt when it had no legal right to do so by sending collection letters to the Plaintiff in an attempt to force the Plaintiff to pay on a purported debt that she did not owe.

32.     Plaintiff suffered significant damages due to TSI's wrongful conduct, including, but not limited to emotional distress, aggravation, annoyance, inconvenience and loss of time.

33.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F. 3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

34.     Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

35.     By sending the Plaintiff a collection letter requesting payment for a debt after it knew or could have readily ascertained that the debt was not owed, Defendant falsely represented: that it had a legal right to continue to attempt to collect the debt even though it had no legal right to do so, and also falsely represented the character, amount, and legal status of the debt, in violation of §§ 1692e, 1692e (2)(A), and §1692e (10).

36.     TSI violated §§ 1692f and 1692f(1) by attempting to collect the alleged debt when it had no legal right to do so by sending collection letters to the Plaintiff in an attempt to force the Plaintiff to pay on a purported debt that she did not owe.

37.     Defendant's violations of §§ 1692e, 1692e(2)(A), 1692e(10), 1692f , and 1692f(1) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

38.     Plaintiff is only seeking damages under the FDCPA for violations that occurred within one year of the date of the filing of this complaint.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant TSI as follows:

A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and;

D.  Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

By:  ___/s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

Robert J. Tomei Jr.
IL Bar #.: 6310339
JTLG, LLC
223 N IL. Rt. 21, Ste. 14
Gurnee, IL 60031
Ph: (847) 596-7494
Fx: (847) 589-2263
Rob@LawJTLG.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third

party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

### NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By:    s/ *Robert J. Tomei Jr.*
